UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - X
                  :
UNITED STATES OF AMERICA     :
                  :
  - v. -            :      **SEALED INDICTMENT**
                  :
FILIPPO BERNARDINI,      :  **21 CRIM 458**
                  :
          Defendant.  :
                  :
- - - - - - - - - - - - - - - - - X

## COUNT ONE
### (Wire Fraud)

The Grand Jury charges:

OVERVIEW OF THE SCHEME

1.   From at least in or around August 2016 up to and including in or around July 2021, FILIPPO BERNARDINI, the defendant, engaged in a scheme to fraudulently obtain valuable prepublication manuscripts of novels and other forthcoming books, as well as synopses and other notes and reports related to unpublished books.  Over the course of this scheme, BERNARDINI, used fraudulent, look-alike, domains to impersonate individuals involved in the publishing industry to gain surreptitious access to these materials.  Over the course of this scheme, BERNARDINI impersonated, defrauded, and attempted to defraud, hundreds of individuals.  BERNARDINI obtained hundreds of unpublished manuscripts during the course of the scheme.

BACKGROUND

2.   Literary authors are frequently represented by literary agents.  When an author has a manuscript draft that is ready to be considered for sale, a literary agent will generally distribute the manuscript to editors at various publishing houses.  If the manuscript generates interest, an auction will generally take place, during which multiple editors can bid on a manuscript to obtain exclusive publication and distribution rights.  Manuscripts will generally be acquired by the editor offering the highest advance amount, which can vary from a few thousand dollars to millions of dollars, depending on the author in question and the promise of the given manuscript.  The prepublication release of a manuscript can dramatically undermine the economics of publishing, and publishing houses generally work to identify and stop the release of pirated, prepublication, manuscripts.  Such pirating can also undermine an author's reputation where an early draft of written material is distributed in a working form that is not in the state an author would wish when encountered by the public. The early release and distribution of manuscripts can also interfere and manipulate the market on secondary use of publications, for example, the market for film adaptations of written works.

THE DEFENDANT

3.   FILIPPO BERNARDINI, the defendant, is an Italian citizen.  At all times relevant to this indictment, BERNARDINI has been involved in the publishing industry in London, United Kingdom, and he currently works as a Rights Coordinator for a major, international, U.S-based publishing house ("Publisher-1"). BERNARDINI has also worked as an Italian-language translator of written materials.

THE SCHEME

4.   Beginning in at least August 2016, FILIPPO BERNARDINI, the defendant, initiated the scheme described herein to fraudulently obtain prepublication manuscripts and other advance information about forthcoming novels and other books.  In carrying out this scheme, BERNARDINI registered more than 160 fraudulent Internet domains that impersonated real entities and individuals involved in publishing.  These entities included literary talent agencies, publishing houses, literary scouts, and others.

5.   The fraudulent domains that FILIPPO BERNARDINI, the defendant, created were confusingly similar to the real entities they were impersonating, and would include only minor typographical errors that would be difficult for the average user to identify during a cursory reading.  For example, BERNARDINI often replaced the lower-case letter <**m**> with the lower-case letters <**rn**>.  Using his knowledge of the publishing industry,

3

BERNARDINI created email addresses with these fraudulent domains in the names of actual people who worked at the corresponding entity. BERNARDINI then used these assumed identities and look-alike domains to target other individuals involved in publishing, including authors, managers, agents, publishers, and editors, to fraudulently solicit, among other things, unpublished manuscripts.

6.   FILIPPO BERNARDINI, the defendant, set up his fraudulent domains so that any emails sent to those domains would automatically forward to a particular email address ("Email Address-1") that he controlled.

7.   As one example of this scheme, in or about September 2020, FILIPPO BERNARDINI, the defendant, utilized a fraudulent email address impersonating a well-known editor and publisher ("Editor-1") who worked for an imprint of Publisher-1. In this role, BERNARDINI emailed a Pulitzer Prize winning author ("Author-1") and requested a copy of a word version of Author-1's forthcoming manuscript ("Manuscript-1"). Author-1 sent BERNARDINI a copy of Author-1's unpublished manuscript. A copy of this email was forwarded to Email Address-1.

8.   In addition to the above-described email, FILIPPO BERNARDINI, the defendant, stored thousands of emails in Email Address-1's records, detailing his successful and attempted efforts to obtain unpublished manuscripts and other pre-publication items utilizing the stolen identities of others and

fraudulent domains. These emails show that BERNARDINI impersonated hundreds of distinct people and engaged in hundreds of unique efforts to fraudulently obtain electronic copies of items he was not entitled to.

9.   In addition to the above-described conduct, FILIPPO BERNARDINI, the defendant, also engaged in a phishing scheme to surreptitiously gain access to a database maintained by a New York City-based literary scouting company ("Scouting Company-1"). BERNARDINI created at least two malicious webpages that resemble the landing page of Scouting Company-1's database, which hosts synopses and other information regarding forthcoming books. In or about July 2020, BERNARDINI impersonated a Scouting-Company-1 employee and emailed two individuals involved in publishing, directing these victims to visit BERNARDINI's look-alike page, which prompted them to provide their usernames and passwords. BERNARDINI had programmed these pages to automatically send emails to Email Address-1 containing the username and password information entered by the victims. Logs maintained by Scouting Company-1 indicate that both victims' Scouting Company-1 accounts were subject to unauthorized access by BERNARDINI after he received their login credentials.

## STATUTORY ALLEGATIONS

10.   From at least in or around August 2016 up to and including in or around July 2021, in the Southern District of New

York and elsewhere, FILIPPO BERNARDINI, the defendant, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, and aided and abetted the same, to wit, BERNARDINI engaged in a scheme in which he surreptitiously obtained valuable, unpublished, literary manuscripts by using fraudulent web domains to impersonate actual individuals involved in the publishing industry, and sent and received, and caused others to send and receive, emails and other electronic communications, to and from the Southern District of New York and elsewhere, in furtherance of that scheme.

(Title 18, United States Code, Sections 1343 and 2.)

**COUNT TWO**
**(Aggravated Identity Theft)**

The Grand Jury further charges:

11.   The allegations contained in paragraphs 1 through 9 of this Indictment are repeated and realleged as if fully set forth herein.

12.   From at least in or around August 2016 up to and including in or around July 2021, in the Southern District of New

York and elsewhere, FILIPPO BERNARDINI, the defendant, knowingly did transfer, possess, and use, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, BERNARDINI possessed, used, and transferred the names and other personally identifying information of individuals in the publishing industry to commit the wire fraud offense charged in Count One of this Indictment, and aided and abetted the same.

(Title 18, United States Code,
Sections 1028A(a)(1), 1028A(b), and 2.)

## FORFEITURE ALLEGATIONS

13.  As the result of committing the offense charged in Count One of this Indictment, FILIPPO BERNARDINI, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

## Substitute Assets Provision

14.  If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

     a.   cannot be located upon the exercise of due diligence;

     b.   has been transferred or sold to, or deposited with, a third person;

     c.   has been placed beyond the jurisdiction of the Court;

     d.   has been substantially diminished in value; or

     e.   has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and Title 28, United States Code, Section 2461, to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)


FOREPERSON

AUDREY STRAUSS
United States Attorney

8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

v.

FILIPPO BERNARDINI,

Defendant.

### INDICTMENT

21 Cr.     (   )

(18 U.S.C. §§ 1343, 1028A, and 2.)

AUDREY STRAUSS
United States Attorney

Foreperson