N16KBERP

```
1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                          21 CR 458 (CM)

5    FILIPPO BERNARDINI,

6              Defendant.

7    ------------------------------x

8                                      New York, N.Y.
                                       January 6, 2023
9                                      11:20 a.m.

10   Before:

11                    HON. SARAH NETBURN,

12                                           Magistrate Judge

13                          APPEARANCES

14   DAMIAN WILLIAMS
          United States Attorney for the
15        Southern District of New York
     RYAN FINKEL
16        Assistant United States Attorney

17   DAVID PATTON
     FEDERAL DEFENDERS OF NEW YORK
18        Attorney for Defendant
     BY:  HANNAH McCREA
19        JENNIFER BROWN

20

21

22

23

24

25
```

N16KBERP

| 1 | (Case called) |

2            MR. FINKEL:  Good morning, your Honor.  Ryan Finkel,

3   for the government.

4            THE COURT:  Good morning.

5            MS. McCREA:  Good morning, your Honor.  Hannah McCrea

6   for Mr. Bernardini, and I am joined at counsel table by

7   Jennifer Brown.

8            THE COURT:  Thank you.  Good morning.

9            Good morning, Mr. Bernardini.  My name is

10  Judge Netburn.

11           THE DEFENDANT:  Good morning.  Good morning, your

12  Honor.

13           THE COURT:  Thank you.  Good morning.

14           Let's just set an agenda for today.

15           I understand that you have agreed to waive indictment

16  and are here to enter a plea as to an information.  Is that

17  correct, sir?

18           MS. McCREA:  That's correct, your Honor.

19           THE COURT:  Okay.

20           What I am going to do is first arraign Mr.Bernardini

21  on the information, so we'll go over that preliminary process.

22  Typically, sir, someone enters a plea of not guilty at this

23  initial phase, which is called the arraignment phase.  That's

24  the typical proceeding.

25           I understand that you're here for the purposes of

N16KBERP

1    entering a guilty plea, but for this preliminary part, it's

2    typical that you would enter a plea of not guilty, and then

3    we'll switch to the plea proceeding, at which point I

4    understand it's your intention to change that plea and enter a

5    plea of guilty as to the charge.

6              Do you understand all of that?

7              THE DEFENDANT:  Yes, I understand, your Honor, yes.

8              THE COURT:  We're doing this to make sure that your

9    rights are fully protected.

10             Do you need any time to speak with your lawyer about

11   this?

12             THE DEFENDANT:  No, I'm fine, your Honor.

13             THE COURT:  Okay.

14             So, the document that contains the charge that you

15   have indicated you wish to enter a plea as to is called an

16   information, and it has been issued by the United States

17   Attorney.

18             Under the Constitution, you have the right to be

19   charged by an indictment issued by a grand jury instead of by

20   an information like this.  A grand jury is a group of 23

21   ordinary citizens that are called to jury service to hear the

22   government's evidence in criminal cases, and to decide whether

23   the evidence is sufficient to justify bringing you to trial.

24             In order to return an indictment, at least 12 of the

25   grand jurors must vote for the indictment, finding that there

N16KBERP

1  is probable cause to believe that an offense was committed, and

2  that you committed it.

3        You have the right to have these charges considered by

4  the grand jury, which means that without your consent, these

5  charges could not even be brought unless approved by the grand

6  jury.  But if you waive indictment by the grand jury, the case

7  will proceed against you based on the United States Attorney's

8  information, just as if you had been indicted.

9        Do you understand all of that?

10        THE DEFENDANT:  Yes, your Honor, I do understand.

11        THE COURT:  A few moments ago, you were given a Waiver

12  of Indictment form that I see that you have signed.

13        Did you review this form with your attorney before you

14  signed it?

15        THE DEFENDANT:  Yes, your Honor, I did.

16        THE COURT:  And do you understand that by signing this

17  form, you are giving up your right to have your case presented

18  to the grand jury, and you are agreeing, instead, to allow the

19  charges to be filed by the United States Attorney?

20        Do you understand that?

21        THE DEFENDANT:  Yes, your Honor, I do understand.

22        THE COURT:  Have you discussed with your attorney the

23  advantages and disadvantages of waiving indictment?

24        THE DEFENDANT:  Yes, your Honor, I did.

25        THE COURT:  Have any threats or promises been made to

N16KBERP

1    you, other than by way of a written plea agreement, to get you

2    to waive indictment?

3          THE DEFENDANT:  No, your Honor.

4          THE COURT:  I want to confirm that you wish to give up

5    your right to have this case presented to the grand jury.

6          THE DEFENDANT:  Yes, yes, your Honor.

7          THE COURT:  Thank you.  It is accepted.

8          Now what I'm going to do, sir, is arraign you on this

9    information.  At this phase, this preliminary phase, it is

10   typical that you enter a plea of not guilty, even though I

11   understand your intention is to plead guilty at a later phase.

12         Do you understand?

13         THE DEFENDANT:  Yes, your Honor, I do.

14         THE COURT:  Sir, you have been charged in a one-count

15   information.  That count is for wire fraud, which is a

16   violation of Title 18 of the United States Code, Section 1343.

17         Have you received a copy of this information?

18         THE DEFENDANT:  Yes, your Honor, I have.

19         THE COURT:  Have you had an opportunity to review it

20   and discuss the charge with your lawyer?

21         THE DEFENDANT:  Yes, your Honor, I have.

22         THE COURT:  You have the right to have me read this

23   information to you in open court, if you would like, but you

24   can waive that right.  Do you want me to read that information

25   to you?

N16KBERP

1          THE DEFENDANT:  No, thank you, your Honor, no.

2          THE COURT:  For purposes of the arraignment, how do

3     you plead?

4          THE DEFENDANT:  Not guilty.

5          THE COURT:  I'll enter a plea of not guilty on your

6     behalf for purposes of this arraignment.

7          THE DEFENDANT:  Thank you, your Honor.

8          THE COURT:  We're now going to march to the next

9     phase, which is the plea proceeding.

10          Are you ready to proceed?

11          THE DEFENDANT:  Yes, your Honor, I am.

12          THE COURT:  Sir, I have before me a consent to proceed

13     before a United States magistrate judge on a felony plea

14     allocution that you have signed.  What this form says is that,

15     knowing you have the right to have this plea taken by a United

16     States district judge, you are agreeing, instead, to have this

17     plea taken by me, a United States magistrate judge.

18          Do you understand that?

19          THE DEFENDANT:  Yes, your Honor, I do.

20          THE COURT:  Before you signed this form, did your

21     lawyer explain that to you?

22          THE DEFENDANT:  Yes, yes, your Honor, she did.

23          THE COURT:  Okay.  It is accepted.

24          As we've been discussing, sir, you've been charged in

25     a one-count information.  Count One charges you with wire

N16KBERP

1   fraud, in violation of Title 18 of the United States Code,

2   Section 1343.  I have been informed that you wish to now change

3   your plea and enter a plea of guilty to this count.

4          Is that correct, sir?

5          THE DEFENDANT:  Yes, your Honor, it is.

6          THE COURT:  Before deciding whether to accept your

7   guilty plea, I'm going to ask you certain questions.  It's very

8   important that you understand these questions and that you

9   answer them honestly and completely.  The purpose of these

10  proceedings is to make sure that you understand your rights, to

11  decide whether you are pleading guilty of your own free will,

12  and to make sure that you are pleading guilty because you are

13  guilty and not for some other reason.

14         Do you understand what I'm saying?

15         THE DEFENDANT:  Yes, your Honor, I do.

16         THE COURT:  If at any point in time, you don't

17  understand my questions or you want a chance to speak with your

18  lawyer, please say so, because it's important that you

19  understand every question before you answer it.

20         Will you do that?

21         THE DEFENDANT:  Yes, I will, your Honor.

22         THE COURT:  Ms. Slusher, will you swear in the

23  defendant, please.

24         (Defendant sworn)

25         THE DEPUTY CLERK:  Please be seated and state your

N16KBERP

1    full name for the record.

2              THE DEFENDANT:  Filippo Bernardini.

3              THE COURT:  Thank you, sir.

4              And you understand that you're now under oath, and if

5    you answer any of my questions falsely, you can be charged with

6    perjury?

7              THE DEFENDANT:  Yes, your Honor, I do.

8              THE COURT:  Mr. Bernardini, how old are you?

9              THE DEFENDANT:  I'm 30 years old.

10             THE COURT:  Are you a United States citizen?

11             THE DEFENDANT:  No, I'm not.

12             THE COURT:  What country are you a citizen of?

13             THE DEFENDANT:  Italian, Italy.

14             THE COURT:  Do you understand that your ability to

15   remain in the United States may be compromised as a result of

16   this conviction?

17             THE DEFENDANT:  Yes, your Honor, I do understand.

18             THE COURT:  And that as a result of your conviction,

19   you may be removed from the United States and denied

20   readmission to the United States in the future, and you might

21   also be denied citizenship in the future, do you understand all

22   of that?

23             THE DEFENDANT:  Yes, your Honor, I do understand.

24             THE COURT:  Do you understand that you will be bound

25   by your guilty plea regardless of those immigration

N16KBERP

1  consequences and regardless of any advice that you've received

2  from your lawyer or from anyone else?

3          Do you understand all of that?

4          THE DEFENDANT:  Yes, your Honor, I do understand.

5          THE COURT:  That being said, have you had an

6  opportunity to discuss with a lawyer the possible immigration

7  consequences of pleading guilty?

8          THE DEFENDANT:  Yes, your Honor, we've discussed.

9          THE COURT:  Notwithstanding those discussions, are you

10  still prepared to enter a guilty plea today?

11          THE DEFENDANT:  Yes, your Honor, I am.

12          THE COURT:  Mr. Bernardini, how far did you go in

13  school?

14          THE DEFENDANT:  I received a Master's degree, so

15  university.

16          THE COURT:  Was that in Italy or here in the U.S.?

17          THE DEFENDANT:  In the United Kingdom.

18          THE COURT:  In the United Kingdom.

19          What was your Master's in?

20          THE DEFENDANT:  It was an M.A. in publishing.

21          THE COURT:  Your English appears quite good.  Can I

22  confirm that you can read and write English?

23          THE DEFENDANT:  Yes, your Honor, I can.  Thank you.

24          THE COURT:  Thank you, sir.

25          Are you currently, or have you recently been, under

N16KBERP

1  the care of a doctor or psychiatrist for any reason?

2          THE DEFENDANT:  Yes, your Honor, I've been talking to

3  a counselor that was scheduled by pretrial services, and I've

4  also been talking to a counselor based in the U.K. over the

5  last two months, just for general counseling.

6          THE COURT:  Okay.

7          Without going into the reasons for that counseling, do

8  any of them affect your ability to answer my questions honestly

9  and completely?

10          THE DEFENDANT:  No, your Honor, it would not affect.

11          THE COURT:  Do you understand what's going on in these

12  proceedings?

13          THE DEFENDANT:  Yes, yes, I do.

14          THE COURT:  Have you consumed any pills or medication

15  or any drugs in the last 24 hours?

16          THE DEFENDANT:  I've taken a paracetamol tablet.

17          MS. McCREA:  Tylenol.

18          THE DEFENDANT:  Tylenol, because I had a headache.  So

19  that was everything.

20          THE COURT:  Okay.  Other than the Tylenol, have you

21  taken anything else in the last 24 hours?

22          THE DEFENDANT:  No, your Honor, I have not.

23          THE COURT:  What about alcohol?

24          THE DEFENDANT:  No, your Honor, I have not.

25          THE COURT:  Thank you.

N16KBERP

1         Is your mind clear today?

2         THE DEFENDANT:  Yes, your Honor, it is.

3         THE COURT:  Does the government have any objections to

4    the defendant's competence to enter a guilty plea at this time?

5         MR. FINKEL:  No, your Honor.

6         THE COURT:  And does defense have any objection?

7         MS. McCREA:  No, your Honor.

8         THE COURT:  Thank you.

9         Sir, have you received a copy of the written version

10   of the charge against you known as the information?

11        THE DEFENDANT:  Yes, your Honor, I have.

12        THE COURT:  I ask you some of these questions during

13   the arraignment phase.  I'm going to ask them again.

14        Have you had a chance to read that information?

15        THE DEFENDANT:  Yes, your Honor, I have.

16        THE COURT:  Do you understand the nature of the

17   charges?

18        THE DEFENDANT:  Yes, your Honor.

19        THE COURT:  You have the right to have me read that

20   information to you in open court, if you would like, or you can

21   waive that right.

22        Would you like me to read it to you in open court?

23        THE DEFENDANT:  No, thank you.  It's fine.  Thank you.

24        THE COURT:  As we discussed, you've been charged with

25   wire fraud, which is a violation of Title 18 of the United

N16KBERP

1    States Code, Section 3571.  Do you understand that?

2              THE DEFENDANT:  Yes, your Honor, I do.

3              THE COURT:  Have you had time to talk with your

4    attorney about this charge and about how you wish to plead?

5              THE DEFENDANT:  Yes, your Honor, I have.

6              THE COURT:  Has she told you the consequences of

7    pleading guilty?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Are you satisfied with your attorney's

10   representation of you?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Sir, I'm now going to explain certain

13   constitutional rights that you have.  These are rights that you

14   will be giving up if you enter a guilty plea.  Please listen

15   carefully to what I am about to say, and if you don't

16   understand something, please stop me, and your attorney or I

17   will explain the matter more fully.  Okay?

18             THE DEFENDANT:  Okay, yes, your Honor.

19             THE COURT:  Under the Constitution and the laws of the

20   United States, you have the right to plead not guilty to the

21   charge contained in this information.  Do you understand that?

22             THE DEFENDANT:  Yes, your Honor.

23             THE COURT:  And if you pled not guilty, you would be

24   entitled, under the Constitution, to a speedy and public trial

25   by a jury of that charge.  At that trial, you would be presumed

N16KBERP

| | |
|---|---|
| 1 | innocent, and the government would be required to prove you |
| 2 | guilty beyond a reasonable doubt before you could be found |
| 3 | guilty.  That means that you would not have to prove that you |
| 4 | are innocent, and you would not be convicted unless a jury of |
| 5 | 12 people agreed unanimously that you are guilty beyond a |
| 6 | reasonable doubt. |
| 7 | Do you understand that? |
| 8 | THE DEFENDANT:  Yes, your Honor, I do understand. |
| 9 | THE COURT:  If you decided to go to trial, at that |
| 10 | trial, and at every stage of your case, you would have the |
| 11 | right to be represented by an attorney, and if you could not |
| 12 | afford an attorney, one would be appointed to represent you at |
| 13 | the government's expense and at no cost to you. |
| 14 | When an attorney is appointed, that attorney is |
| 15 | appointed to handle your case all the way through trial, and |
| 16 | not just for a guilty plea.  So, your decision to plead guilty |
| 17 | here today should not depend on whether you can afford to hire |
| 18 | an attorney. |
| 19 | Do you understand that? |
| 20 | THE DEFENDANT:  Yes, your Honor, I do understand. |
| 21 | THE COURT:  During a trial, the witnesses for the |
| 22 | prosecution would have to come to court and testify in your |
| 23 | presence, where you could see and hear them, and your lawyer |
| 24 | could cross-examine those witnesses.  And if you wanted, your |
| 25 | lawyer could offer evidence on your behalf.  You would be able |

N16KBERP

| 1 | to use the Court's power to compel witnesses to come to court |
|---|---|

to use the Court's power to compel witnesses to come to court

to testify in your presence even if they did not want to come.

Do you understand that?

THE DEFENDANT:  Yes, your Honor, I do understand.

THE COURT:  At a trial, you would have the right to

testify in your own defense if you wanted to, but you would

also have the right not to testify, and if you chose not to

testify, that could not be used against you in any way.  No

inference or suggestion of guilt could be made from the fact

that you did not testify.

Do you understand that?

THE DEFENDANT:  Yes, your Honor, I do.

THE COURT:  If you were convicted at trial, you would

have the right to appeal that verdict to a higher court.  Do

you understand that?

THE DEFENDANT:  Yes, your Honor.

THE COURT:  And, as I said before, you have the right

to plead not guilty.  Even right now, even as you sit here

today for the purposes of entering a guilty plea, you have the

right to change your mind, persist in your not-guilty plea, and

proceed to trial.  But if you do plead guilty, and I accept

your plea, you will give up a trial and all of the other rights

that I have just described.  If you plead guilty, there will be

no trial.  All that will remain to be done will be to impose a

sentence.  You and the government will have an opportunity to

N16KBERP

make arguments about what that sentence should be, but there

will not be any further trial to determine whether you are

guilty or not guilty of the charge to which you pled guilty.

Do you understand that?

THE DEFENDANT:  Yes, your Honor, I do.

THE COURT:  Do you understand that the decision as to

the appropriate sentence in this case will be entirely up to

the sentencing judge, and she will only be limited by what the

law requires?  This means that even if you are surprised or

disappointed by your sentence, you will still be bound by your

guilty plea.

Do you understand that?

THE DEFENDANT:  Yes, your Honor, I do.

THE COURT:  Finally, if you do plead guilty, you will

be giving up your right not to incriminate yourself, and I will

ask you questions about what you did in order to satisfy myself

that you are actually guilty.  By pleading guilty, you are

admitting to your factual, as well as your legal, guilt.

Do you understand that?

THE DEFENDANT:  Yes, your Honor, I do.

THE COURT:  You said earlier that you've read the

information containing the charge of wire fraud and understand

the nature of that charge.  If the case were to proceed to

trial, the government would be required to prove beyond a

reasonable doubt all of the elements of that charge, so I'm now

N16KBERP

1    going to ask the government to set forth those elements.

2              MR. FINKEL:  Thank you, your Honor.

3              With respect to the charge in Count One of the

4    information, wire fraud, violation of 18 U.S.C. 1343, the

5    government would need to prove the following elements beyond a

6    reasonable doubt:

7              First, there was a scheme or artifice to defraud or

8    obtain money or property by materially false and fraudulent

9    pretenses, representations, or promises;

10             Second, the defendant knowingly participated in the

11   scheme or artifice to defraud with knowledge of its fraudulent

12   nature and with intent to defraud;

13             And, third, in advancing, furthering, or carrying out

14   the scheme, the defendant transmitted or caused to be

15   transmitted a writing, signal, or sound by means of an

16   interstate or foreign wire communication.

17             In addition to those elements, the government would

18   need to prove venue by a preponderance of the evidence.

19             THE COURT:  Thank you.

20             I just want to correct the record.  I have been

21   reading the statute that's listed in my version of the plea

22   agreement that I have, which is dated January 3rd.  I also have

23   the original version of the plea agreement, also dated

24   January 3rd, which seems to have the correct -- I see what I've

25   been doing.  I take it back.

N16KBERP

1    I have been reading -- when I have indicated the

2    statute, I've been citing to the fine amount.  When I have been

3    saying Title 18 of the United States Code, Section 3571, is

4    what I was saying, I have been mistaken.  All of the documents

5    are correct, but let me just be clear — the charge against you

6    for wire fraud, as the government just stated, is brought under

7    Title 18 of the United States Code, Section 1343.  I think

8    previously I indicated that it was brought under 3571; that is

9    not correct, it's brought under 1343.  So, earlier, when I

10   stated the wrong statute, you should understand that, in fact,

11   the statute is 1343.

12       Do you understand that, sir?

13       THE DEFENDANT:  Yes, your Honor, yes.

14       THE COURT:  I apologize for my confusion.

15       Do you need a moment to speak with your lawyer?

16       THE DEFENDANT:  No, your Honor, I do not.

17       THE COURT:  I've just reviewed it.  It appears that we

18   all have the same plea agreement.  I just highlighted the wrong

19   version.  So, the plea agreement is correct.  I checked.  The

20   information is correct.  It's just what I said was incorrect.

21       Okay, good.  Apologies again.

22       I'm now going to tell you the maximum possible penalty

23   for this crime.  The maximum means the most that could possibly

24   be imposed.  It does not necessarily mean this is what you will

25   receive, but you have to understand that by pleading guilty

N16KBERP

1    here today, you are exposing yourself to any combination of

2    punishment up to the maximum.

3             Do you understand all of that?

4             THE DEFENDANT:  Yes, your Honor, I do understand.

5             THE COURT:  For this offense, there is a maximum term

6    of imprisonment of 20 years, and there is a maximum term of

7    supervised release of three years.

8             Supervised release means that if you are sentenced to

9    prison and thereafter released from prison, you may be subject

10   to supervision by the probation department.  You should

11   understand that if you are placed on supervised release and

12   then violate any of the terms or conditions of that release,

13   the district judge that sentences you can revoke your term of

14   supervised release and return you to prison without giving you

15   any credit for the time you served on postrelease supervision.

16            Second, in addition to these restrictions on your

17   liberty, the maximum possible punishment also includes certain

18   financial penalties.  In this case, the maximum allowable fine

19   is the greatest of $250,000 or twice what was made by the

20   criminal activity or twice what someone other than yourself

21   lost because of the criminal activity.

22            In addition, there is a mandatory special assessment

23   of $100 that must be imposed for the count of conviction.

24            Sir, has anybody threatened you or coerced you in any

25   way to get you to plead guilty?

N16KBERP

1          THE DEFENDANT:  No, your Honor.

2          THE COURT:  Has anyone, other than the prosecution and

3    solely by way of this written plea agreement, promised you or

4    offered you anything to get you to plead guilty?

5          THE DEFENDANT:  No, your Honor.

6          THE COURT:  And as I just referenced, there is an

7    agreement between you and the government concerning this plea;

8    is that correct?

9          THE DEFENDANT:  Yes, your Honor, it is correct.

10          THE COURT:  Have you read that plea agreement?

11          THE DEFENDANT:  Yes, your Honor, I have.

12          THE COURT:  And have you had an opportunity to discuss

13    the terms with your lawyer?

14          THE DEFENDANT:  Yes, your Honor, I have.

15          THE COURT:  I see that you signed the agreement; is

16    that correct?

17          THE DEFENDANT:  Yes, your Honor, it is.

18          THE COURT:  Did you sign the agreement after you read

19    it and discussed it with your lawyer?

20          THE DEFENDANT:  Yes, your Honor, I have.

21          THE COURT:  I want to go over some of the important

22    terms of this agreement.

23          First, with respect to sentencing, you and the

24    government have agreed that the appropriate calculation of your

25    sentence under the sentencing guidelines is 15 to 21 months'

N16KBERP

1    imprisonment.

2            Do you understand that?

3            THE DEFENDANT:  Yes, your Honor, I do.

4            THE COURT:  In addition, you've agreed that the

5    appropriate fine range is between $7,500 and $75,000.  Do you

6    understand that?

7            THE DEFENDANT:  Yes, your Honor, I do.

8            THE COURT:  In this agreement, you and the government

9    have agreed that neither party will seek a departure or an

10   adjustment pursuant to the sentencing guidelines that's not

11   otherwise set forth in this agreement.

12           Do you understand that?

13           THE DEFENDANT:  Yes, your Honor, I do.

14           THE COURT:  However, either party may seek a sentence

15   that is outside of the stipulated guidelines range that's based

16   on the factors that you can find in our sentencing statute,

17   which is located at Title 18 of the United States Code,

18   Section 3553(a).

19           Do you understand that?

20           THE DEFENDANT:  Yes, your Honor, I do.

21           THE COURT:  In this agreement, you acknowledge that

22   the Court must order restitution.  Do you understand that?

23           THE DEFENDANT:  Yes, your Honor.

24           THE COURT:  In addition, you've admitted to the

25   forfeiture allegations with respect to Count One of the

N16KBERP

1   information, and you've agreed to forfeit a sum of money that

2   is traceable to the proceeds of the offense.

3             Do you understand that?

4             THE DEFENDANT:  Yes, your Honor.

5             THE COURT:  In addition, you've agreed that you will

6   make restitution in an amount of at least $88,000, as ordered

7   by the Court.  Do you understand that?

8             THE DEFENDANT:  Yes, your Honor, I do.

9             THE COURT:  In this agreement, you have agreed to

10  limit, in certain respects, your ability to appeal from your

11  conviction.  Specifically, you've agreed that you will not file

12  a direct appeal or bring a collateral challenge, sometimes

13  called a habeas motion, or seek a sentence modification so long

14  as the sentence is within or below the stipulated guidelines

15  range of 15 to 21 months' imprisonment.

16            Do you understand that?

17            THE DEFENDANT:  Yes, your Honor, I do.

18            THE COURT:  In addition, you've agreed that you will

19  not appeal or bring a collateral challenge to any term of

20  supervised release that is less than or equal to three years,

21  and that you will not bring an appeal or collateral challenge

22  to any fine that is less than or equal to $75,000, and that you

23  will not bring any appeal or collateral challenge to any

24  restitution amount that is less than or equal to $88,000.

25            Do you understand all of that?

N16KBERP

1          THE DEFENDANT:  Yes, your Honor, I do.

2          THE COURT:  In addition, as we discussed earlier,

3    because you are not a citizen of the United States, you

4    understand that your guilty plea and conviction makes it very

5    likely that you will be removed from the United States.

6          Do you understand that?

7          THE DEFENDANT:  Yes, your Honor, I do.

8          THE COURT:  In addition, you may suffer other adverse

9    immigration consequences, including that you may be denied

10   admission in the future into the United States.  Do you

11   understand all of that?

12         THE DEFENDANT:  Yes, your Honor, I do.

13         THE COURT:  And you've represented to me that you have

14   had an opportunity to discuss these immigration consequences

15   with a lawyer; is that correct?

16         THE DEFENDANT:  Yes, your Honor, it is.

17         THE COURT:  Do you understand that you will not be

18   able to withdraw your guilty plea as a result of those

19   immigration consequences, regardless of the advice that you

20   have received?

21         Do you understand that?

22         THE DEFENDANT:  Yes, your Honor, I do.

23         THE COURT:  In addition, you have agreed that you will

24   not challenge your conviction on direct appeal or through any

25   sort of collateral challenge based on those immigration

N16KBERP

1    consequences, including removal.

2              Do you understand that?

3              THE DEFENDANT:  Yes, your Honor, I do.

4              THE COURT:  One of the most important things for you

5    to understand is that this agreement is not binding on the

6    sentencing judge, and that the sentencing judge may reject the

7    calculations and recommendations set forth in this agreement,

8    and may impose a more severe punishment without allowing you to

9    withdraw your guilty plea.

10             Do you understand that?

11             THE DEFENDANT:  Yes, your Honor, I do.

12             THE COURT:  The sentencing judge is required to make

13   her own independent calculation under the sentencing guidelines

14   and then impose a sentence based on what she believes is the

15   appropriate sentence for you, even if it is different than the

16   one set forth in this agreement.

17             Do you understand that?

18             THE DEFENDANT:  Yes, your Honor, I do.

19             THE COURT:  In determining that sentence, the Court

20   will consider, in addition to the guidelines and possible

21   departures from those guidelines, all of the factors that are

22   set forth in our sentencing statute, which I mentioned earlier,

23   and which is located at Title 18 of the United States Code,

24   Section 3553(a).  Those factors include:  The nature and

25   circumstances of the offense and the history and

N16KBERP

1    characteristics of you, the defendant; the need for the

2    sentence imposed; the kinds of sentences that are available;

3    the sentencing range provided under the guidelines; the need to

4    avoid sentencing disparities; and the need to provide

5    restitution to victims.

6           In addition, the Court will consider a presentence

7    report which is prepared by the probation department in advance

8    of your sentencing.  Before you are sentenced, you and the

9    government will have an opportunity to challenge the facts that

10   are reported by the probation officer.

11          Do you understand all of that?

12          THE DEFENDANT:  Yes, your Honor, I do.

13          THE COURT:  Now that you have been advised of the

14   charge against you, the possible penalties that you face, and

15   the rights that you are giving up, is it still your intention

16   to plead guilty to Count One for wire fraud?

17          THE DEFENDANT:  Yes, your Honor, it is.

18          THE COURT:  So, with respect to Count One, how do you

19   plead?

20          THE DEFENDANT:  Guilty, your Honor.

21          THE COURT:  Can you tell me, in your own words, why

22   you believe you are guilty of this charge?

23          THE DEFENDANT:  Starting around August 2016 until the

24   time I was arrested, I made misrepresentations over the

25   internet in order to fraudulently obtain a published literary

N16KBERP

1    manuscript.  I understand that some of the people I defrauded

2    were here in Manhattan.  I knew my actions were wrong.

3              THE COURT:  Any additional questions you'd like me to

4    ask the defendant?

5              MR. FINKEL:  No, your Honor.

6              THE COURT:  You believe that's a sufficient allocution

7    for the charge?

8              MR. FINKEL:  Yes.

9              THE COURT:  Do you want to proffer the evidence you

10   would present if the case were to proceed to trial?

11             MR. FINKEL:  Yes, your Honor.

12             If this case were to proceed to trial, the

13   government's evidence would include, among other things:

14   Electronic communications, stolen manuscripts, and witness

15   testimony, which would establish that the defendant took part

16   in a more than six-year scheme to impersonate hundreds of

17   individuals involved in the publishing industry and steal more

18   than a thousand prepublication manuscripts.

19             The evidence would also establish that the defendant

20   executed a phishing scheme to steal the log-in information of

21   more than 20 individuals to access a publishing industry

22   database.  The communications in question involve the

23   defendant's transmission and receipt of emails to and from

24   victims located in the Southern District of New York.

25             THE COURT:  Thank you.

N16KBERP

1    Sir, on the basis of your responses to my questions

2    and my observation of your demeanor, I find that you are

3    competent to enter a guilty plea.  I'm satisfied that you

4    understand your rights, including your right to go to trial and

5    your right to have the case considered by the grand jury, and

6    you're aware of the consequences of your plea, including the

7    sentence that may be imposed and the immigration consequences

8    that may follow, and that you are voluntarily pleading guilty,

9    and that you've admitted that you are guilty as charged in

10   Count One of the information.

11          For these reasons, I'll recommend to District Judge

12   McMahon that she accept your plea of guilty as to Count One of

13   the information, and I will direct that the government order a

14   copy of the transcript and submit it to Judge McMahon so that

15   she may act on my recommendation.

16          Has she set a sentencing date yet?

17          MR. FINKEL:  Yes, your Honor.  April 5th, at noon.

18          THE COURT:  All right.  I'll direct that the

19   presentence report be prepared.

20          Can the government submit a case summary for purposes

21   of the presentence report within 14 days?

22          MR. FINKEL:  Yes, your Honor.

23          THE COURT:  And, counsel, can you and your client be

24   available in the next 14 days to be interviewed by probation?

25          MS. McCREA:  Yes, your Honor.

N16KBERP

1          THE COURT:  Okay.

2          Any objection to continuing the present bail?

3          MR. FINKEL:  No, your Honor.

4          THE COURT:  Sir, all of the conditions on which you

5    are released up to now continue to apply, and a violation of

6    those conditions can have serious consequences, including

7    revocation of bail and prosecution for bail-jumping.

8          Do you understand that?

9          THE DEFENDANT:  Yes, your Honor, I do.

10          THE COURT:  In addition, if you commit an offense

11    while you are released, you may be subject to a more severe

12    punishment than you would get if you committed the same

13    offense, and, obviously, if you commit an offense or violate

14    any of the terms of the plea agreement by the government, you

15    may be subject to revocation of that agreement by the

16    government, with all of the consequences that are set forth in

17    the plea agreement.

18          Anything further from the government?

19          MR. FINKEL:  No, your Honor.  Thank you.

20          THE COURT:  Anything further from defense?

21          MS. McCREA:  No.

22          THE COURT:  Okay.  We are adjourned.

23          THE DEFENDANT:  Thank you.

24                              *  *  *

25